UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HARBOR DOCKING & TOWING COMPANY, LLC** | **CIVIL ACTION NO. 2:14-CV-2487** |
| **VS.** | **JUDGE MINALDI** |
| **ROLLS ROYCE MARINE NORTH AMERICA, INC., ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a motion to remand [doc. 29] filed by plaintiffs Harbor Docking and Towing Company, LLC, and Point Comfort Towing, Inc. (hereinafter "plaintiffs"). The motion is opposed by defendants Caterpillar Inc., and Atain Specialty Insurance Company (hereinafter "defendants").

For the following reasons, plaintiff's motion to remand is **GRANTED**.

### *Background*

This action was originally filed by plaintiffs in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. Doc. 1, att. 4, pp. 13-20. In their petition plaintiffs seek recovery for alleged for breach of contract and negligent design, construction, and repair of two tugboats owned by the plaintiffs. *Id.*

Defendants removed the suit to this court alleging jurisdiction pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction) and 28 U.S.C. § 1441 (the removal statute). Doc. 1. Defendants submit that plaintiffs' claims are subject to admiralty tort jurisdiction and removal is allowed under the amended version of § 1441.

Plaintiffs do not dispute that their negligence claims are admiralty tort claims but they argue that removal is not proper under § 1441.  Plaintiffs assert that, in order to remove a state court maritime action, defendants must establish an independent basis for federal court jurisdiction other than admiralty jurisdiction.  Since defendants do not allege any other basis for jurisdiction, plaintiffs seek remand.

*Law and Analysis*

Under 28 U.S.C. § 1441(a), any civil action over which the federal district court has original jurisdiction is removable, unless otherwise specified by an Act of Congress.  Pursuant to 28 U.S.C. § 1333, federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

Prior to the amendment to 28 U.S.C. § 1441, which took effect in 2012, general maritime claims were not removable on the basis of admiralty jurisdiction unless a separate basis for federal court jurisdiction exited.  *In re Dutile,* 935 F.2d 61, 62-62 (5th Cir. 1991).  In December of 2011, § 1441 was amended giving rise to defendants' argument that the amendment made maritime claims removable.

The former version of § 1441 stated the following, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be

> removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Under the former version of the removal statute, the Fifth Circuit viewed § 1441(b) as limiting the removal of maritime claims. The Fifth Circuit routinely held that maritime claims did not "aris[e] under the Constitution, treaties or laws of the United States" and thus, fell within the category of "[a]ny other [civil] action." *Id.* at 63. Thus, in the absence of a separate basis for federal jurisdiction, these claims were removable only if none of the defendants to the suit were citizens of the state in which the action was brought.

After the amendment to § 1441, the current version of the removal statute states the following, in pertinent part:

> (a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The 2011 amendment removed certain language from the former version of § 1441(b) that the Fifth Circuit relied on to limit the removal of maritime claims. The current version of the statute no longer makes a distinction between claims "arising under the Constitution, treaties or laws of

the United States" and "other such action[s]."  Now, § 1441(b) concerns only removals based on diversity jurisdiction.

District courts are divided on whether or not the amendment to § 1441 allows removal of maritime claims and the Fifth Circuit has yet to rule.[1]  As defendants point out, some district courts have held that maritime claims are now removable solely on the basis of the federal district courts' original jurisdiction over such matters.[2]  These courts recognize the Fifth Circuit's reliance on the former language of § 1441(b) as the Act of Congress that precluded the removal of maritime claims. These courts generally reason that since this language has been removed, nothing in § 1441 or any other Act of Congress prevents removal of general maritime claims.

On the other hand, other courts, including two in this district, have found that the amendment has not "altered the long-held understanding that admiralty claims brought at law in state court pursuant to the saving to suitors clause are not removable in the absence of an independent jurisdiction."  *Gabriles v. Chevron USA, Inc.*, 2014 WL 2567101 *4 (W.D. La. 2014) (J. Haik) (remanding plaintiff's Jones Act and general maritime claims).  *See also Porter v. Great Am. Ins. Co.*, 2014 WL 3385148 *1 (W.D. La. 2014) (J. Walter) ("This court will join

---

[1] As the court noted in *Gabriles v. Chevron USA, Inc.,* 2014 WL 2567101 (W.D. La. 2014), the Fifth Circuit in *Barker v. Hercules Offshore, et al.*, 713 F.3d 208 (5th Cir. 2013), "discussed the new version of section 1441, deeming it a 'clarification' of the prior rule, and in doing so, the *Barker* court noted that 'cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 **may** require complete diversity prior to removal' – thus implying that even under the new rule removable admiralty cases require complete diversity." *Gabriles, infra,* at *3.

[2] *See  Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tx. 2013) (holding that revisions to Section 1441 resulted in the defendant's right to timely remove general maritime law claims to federal court); *Provost v. Offshore Service Vessels, LLC*, 2014 WL 2515412, *3 (M.D. La. 2014) ("Now that this language has been removed, nothing in § 1441 or another Act of Congress prevents removal of general maritime claims."); *Garza v. Phillips 66 Co.*, 2014 WL 1330547, *4 (M.D. La. 2014) ("[R]emoval of this case was proper under §§ 1333 and 1441 based on the alleged maritime claims"); *Harrold v. Liberty Ins. Underwriters, Inc.*, 2014 WL 688984, *4 (M.D. La. 2014) ("the amendment to § 1441 allows removal of general maritime claims"); *Wells v. Abe's Boat Rentals, Inc.*, 2013 WL 3110322 (S.D. Tx. 2013) (denying motion to remand case to state court); *Bridges v. Phillips 66 Co.*, 2013WL 6092803 (M.D. La. 2013 (denying motion to remand based on 2011 revisions to § 1441); *Carrigan v. M/V AMC AMBASSADOR,* 2014 WL 358353(S.D. Tx. 2014) (general maritime claims were removable under reasoning in *Ryan*).

with the reasoning set forth by the Western and Eastern Districts of Louisiana in finding that Plaintiff's [maritime] claims remain unremovable.")[3]

Until the Fifth Circuit, Congress or the Supreme Court determine otherwise, this court will adopt the reasoning previously espoused in this district which exempts from removal maritime claims filed pursuant to the saving to suitors clause absent a separate basis for federal court jurisdiction, i.e., diversity of citizenship. Since defendants provide no other basis upon which to base this court's jurisdiction this matter must be remanded.

*Conclusion*

For the foregoing reasons, plaintiffs' motion to remand [doc. 29] is hereby **GRANTED**.

The effect of this ruling is stayed for a period of fourteen (14) days to allow any aggrieved party an opportunity to seek review from the district court. If no review is timely sought then the clerk is instructed to remand to the court from which this matter came.

THUS DONE this 19th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[3] Other courts have also found general maritime claims not removable. *See Perrier v. Shell Oil Co.,* 2014 WL 2155258, *3 (E.D. La. 2014) ("In sum, this court does not agree that the 2011 amendments to § 1441 eliminated the long-held requirement of diversity jurisdiction in saving cases filed in state court."); *Barry v. Shell Oil Co.,* 2014 WL 775662 (E.D. La. 2014) ("[T]he saving to suitors clause, found in § 1333, is an Act of Congress that prohibits the removal of the general maritime claims,"); *Rogers v. BBC Chartering America, LLC,* 2014 WL 819400 (S.D. Tex. 2014) (concluding that the 2011 amendment to § 1441 had no effect on the removability of admiralty claims); *Alexander v. Seago Consulting, LLC,* 2014 WL 2960419 (S.D. Tex. 2014) (finding other courts' reasoning on the matter more persuasive than *Ryan* and remanding plaintiff's claims); *Figueroa v. Marine Inspection Services, LLC,* 2014 WL 2958597 (S.D. Tex. 2014) (holding that the federal district court does not have original jurisdiction over the plaintiff's maritime tort under Section 1333 when the plaintiff filed his action in state court); and *Gregoire v. Enterprise Marine Services, LLC*, 2014 WL 3866589 (E.D. La. 2014) (concluding that "it is precisely 'the statutory grant of admiralty jurisdiction, 28 U.S.C. §1333, and more than 200 years of precedent interpreting this grant' rather than the 2011 amendment to the removal statute that determine the removability of [plaintiff's] claims. In short, general maritime claims are not removable–nor have they ever been–without an independent basis of jurisdiction.(citations omitted)).